UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VINCENT GALELLA,

           Plaintiff,

vs.                                              Case No. 2:12-cv-462-FtM-29DNF

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

           Defendant.
_____

**OPINION AND ORDER**

    This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #18), filed on August 20, 2013, recommending that the Commissioner's decision to deny social security disability benefits be affirmed. Plaintiff's Objections (Doc. #19) was filed on September 3, 2013, and Defendant's Response (Doc. #20) was filed on September 11, 2013.

    The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.

Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing Crawford, 363 F.3d at 1158-59).  Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence.  Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)).  The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner.  Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007) (citing Martin, 894 F.2d at 1529).

The Report and Recommendation finds that the Administrative Law Judge (ALJ) properly weighed the medical evidence, specifically the opinions of Dr. Daitch and Dr. Stein, and properly evaluated claimant's credibility.  Plaintiff objects to both findings, asserting that the ALJ erred on both issues.  After an independent *de novo* review, the Court agrees with the findings and recommendations in the Report and Recommendation.

The ALJ accurately summarized the information provided by Dr. Daitch (Tr. 24-25), but gave "little weight" to Dr. Daitch's

opinion that claimant was incapable of full time work (Tr. 25). The ALJ did so because Dr. Daitch did not present relevant evidence to support his opinion; did not provide a good explanation for his opinion; treated claimant weekly from September 15 to November 21, 2008, but had not seen or treated him since; and his opinion was not consistent with the medical record as a whole. (Tr. 25). The record provides substantial support for the reasons the ALJ discounted Dr. Daitch's opinion. The Court agrees with and adopts the Report and Recommendation discussion of this issue.

The ALJ accurately summarized Dr. Alvin Stein's information and opinions (Tr. 25), but gave "little weight" to the opinions. The ALJ did so because Dr. Stein did not present relevant evidence to support his opinions; did not provide a good explanation for his opinions; treated claimant on only one occasion on January 10, 2010, and had not seen or treated him since; and his opinions were not consistent with the medical record as a whole. (Tr. 25). The record provides substantial support for the reasons the ALJ discounted Dr. Stein's opinion. The Court agrees with and adopts the Report and Recommendation discussion of this issue.

The ALJ accurately summarized plaintiff's testimony. (Tr. 23.) The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged by plaintiff. (Tr. 23.) The ALJ also found, however, that plaintiff's statements about the intensity, persistence and

limiting effects of these symptoms were not credible to the extent they are inconsistent with the residual functional capacity to perform light work with certain restrictions. (Tr. 23.) The ALJ also found that plaintiff's testimony regarding functional limitations was only partially credible because his testimony was not fully supported by the medical records, and the medical evidence fails to confirm the subjective severity of his conditions. (Tr. 26.) The ALJ also pointed to specific examples of activities by plaintiff which were inconsistent with the limitations he asserted. (Tr. 26.) The record provides substantial support for the reasons the ALJ discounted plaintiff's testimony. The Court agrees with and adopts the Report and Recommendation discussion of this issue.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #18) is **accepted and adopted** by the Court.

2. The Decision of the Commissioner of Social Security is **AFFIRMED**.

3. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of September, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record